DECISION AND JUDGMENT ENTRY
{¶ 1} David Stevens appeals the judgment for $61,882.13 in favor of Chloe Schausel, administrator of the estate of Delbert Lemaster, on a promissory note Stevens issued to Lemaster. Because Stevens filed a motion for new trial prior to filing his notice of appeal and the trial court has not ruled on that motion, there is no final appealable order. Accordingly, we dismiss the appeal for lack of jurisdiction.
 {¶ 2} Schausel initiated this action as the administrator of the estate of her father, Delbert Lemaster. In her complaint, Schausel alleged that Stevens failed to pay a promissory note he issued to Lemaster in the amount of $32,176.50. The complaint alleged that Stevens now owed $78,882.42 plus continuing interest. Schausel also alleged that Stevens failed to repay a separate loan of $4,000 he received from Lemaster. Stevens filed an answer denying that he owed any money on either obligation.
 {¶ 3} The case went to trial and the court concluded that the promissory note between Lemaster and Stevens was valid, and that Stevens failed to pay the note as agreed. The court found that Stevens owed $61,882.13 as of January 1, 2000 on the note. However, the trial court ruled in favor of Stevens on the $4,000 loan because Schausel failed to meet her burden of proof.
 {¶ 4} On June 30, 2005, Stevens filed a "Motion for Reconsideration or for New Trial" and a "Notice of Appeal." Both filings are stamped with the date of June 30, 2005, but neither one is time-stamped. Therefore, it is unclear which document was actually filed first. The trial court did not file an entry ruling on the motion for new trial.
 {¶ 5} Before we can reach the merits of this appeal, we must first determine whether the trial court has issued a final appealable order. "An order of a court is a final appealable order only if the requirements of both R.C. 2505.02 and, if applicable, Civ.R. 54(B), are met." State ex rel. Scruggs v.Sadler, 97 Ohio St.3d 78, 776 N.E.2d 101, 2002-Ohio-5315, at ¶5. If an order is not final and appealable, a reviewing court has no jurisdiction to consider the matter and has no choice but to dismiss the appeal. The Bell Drilling Producing Co. v.Kilbarger Constr., Inc. (June 26, 1997), Hocking App. No. 96CA23, 1997 WL 361025, at 2.
 {¶ 6} As a general rule, if a motion for new trial precedes the filing of a notice of appeal, the trial court retains jurisdiction to decide the motion because the judgment is not final until the motion is decided. See App.R. 4(C) and State v.Hurst (May 3, 1999), Washington App. No. 98CA17, 1999 WL 288294. Thus, if the motion for new trial is filed before the notice of appeal, there is no final appealable order for the appellate court to review until the trial court rules on the motion. However, when the notice of appeal precedes the filing of the motion for new trial, it is the trial court that lacks jurisdiction to proceed. State v. Williams (1993),86 Ohio App.3d 37, overruled on other grounds.
 {¶ 7} Here, both documents are stamped with the same date, but neither is stamped with an exact time of filing. Therefore, we cannot determine which one was filed first from looking at the filings. However, the trial court's "Transcript of Docket and Journal Entries" lists the motion for a new trial as item number 38 and this notice of appeal as item number 39. Therefore, we conclude the motion preceded the notice. Based upon this assumption, there is no final appealable order and we lack jurisdiction to review the merits. Once we have a final order we will proceed to the merits on the basis of the briefs already filed by the parties unless one or both parties file a new notice of appeal.
APPEAL DISMISSED.
 JUDGMENT ENTRY
It is ordered that the APPEAL BE DISMISSED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Jackson County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, J.: Concurs in Judgment and Opinion.
McFarland, J.: Concurs in Judgment Only.