DECISION AND JUDGMENT ENTRY
{¶ 1} David Stevens appeals the judgment for $61,882.13 in favor of Chloe Schausel, administrator of the estate of Delbert Lemaster, on a promissory note Stevens issued to Lemaster. Stevens argues that the trial court erred in admitting an adding machine tape as evidence of the amount due since the tape was inadmissible hearsay. Because Stevens did not make a hearsay objection to the admission of this evidence, we reject this argument on the basis of waiver.
 {¶ 2} Stevens also argues that the trial court erred in admitting the calculator tape into evidence because Schausel did not provide him with a copy of it in a timely manner. This contention is meritless because Schausel disclosed her intention to use the calculator tape in her pretrial statement, which she filed months before the trial, and Stevens failed to seek an order compelling delivery of the tape. Moreover, Stevens failed to show that he was prejudiced by receiving a copy of the tape four days before trial.
 {¶ 3} Next, Stevens contends that the trial court erred in finding that Lemaster had the balance from the promissory note calculated each year by Grace McCoy, an employee of Ohio Valley Bank. Even though McCoy appeared on the estate's witness list, the estate did not call her. Rather, it relied on the adding machine tape and testimony from the executrix to show McCoy calculated the balance. Stevens argues that McCoy would have testified that she did not calculate the balance with Lemaster and that he did not discover this information until after the trial. We cannot consider this evidence because it is outside of the record. And because the record does contain some evidence to support the trial court's finding that McCoy calculated the balance, it is not against the manifest weight of the evidence.
 {¶ 4} Next, Stevens contends that the trial court erred in finding that he owed Schausel $61,882.13 on the promissory note. We agree with this contention. The trial court's judgment apparently does not account for payments that Stevens made and which are listed in the court's findings of facts. We therefore remand this matter to the trial court for recalculation of damages.
 {¶ 5} Stevens also contends the trial court erred in admitting Schausel's letter to the Ohio Attorney General. Because Stevens never objected to the admission of this letter at trial, we deem this issue waived.
 {¶ 6} Last, Stevens contends that Schausel failed to prove her case by a preponderance of the evidence. Because the trial court's decision was supported by some competent, credible evidence, the decision was not against the manifest weight of the evidence, except for the calculation of the amount due, as already noted.
 I. FACTS {¶ 7} Schausel initiated this action as the administrator of the estate of her father, Delbert Lemaster. In her complaint, Schausel alleged that Stevens failed to pay a promissory note he issued to Lemaster in the principal amount of $32,176.50. The complaint alleged that Stevens owed $78,882.42 plus continuing interest. Schausel also alleged that Stevens failed to repay a separate loan of $4,000 he received from Lemaster. Stevens filed an answer denying that he owed any money on either obligation.
 {¶ 8} At trial, Schausel testified that her father met with Grace McCoy, an employee at Ohio Valley Bank, once a year to calculate the balance of the promissory note. To document the payments received and the ending balance of the promissory note, Schausel submitted a calculator tape allegedly created by her father and McCoy. The trial court admitted this calculator tape into evidence over Stevens's objection. Schausel also submitted the original promissory note between Lemaster and Stevens into evidence.
 {¶ 9} Stevens testified that he had paid the promissory note in full, but Lemaster failed to mark the note as paid. Stevens also testified that Lemaster signed off on a tablet as proof that Stevens had repaid the note; however, Stevens said he lost this tablet when his garage flooded. According to Stevens, he received a letter from Lemaster's attorney requesting repayment of the note, after he had paid it off.
 {¶ 10} The trial court concluded that the promissory note between Lemaster and Stevens was valid, and that Stevens failed to pay the note as agreed. The court found that Stevens owed $61,882.13 as of January 1, 2000 on the note. However, the trial court ruled in favor of Stevens on the $4,000 loan because Schausel failed to meet her burden of proof.
 {¶ 11} Stevens submits the following seven assignments of error on appeal:
I. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN ADMITTING APPELLEE'S EXHIBIT 5 (AN ADDING MACHINE TAPE) OVER THE OBJECTION OF APPELLANT'S COUNSEL. PLAINTIFF/APPELLEE'S EXHIBIT 5 WAS AN ADDING MACHINE TAPE PURPORTING TO HAVE BEEN MADE BY PLAINTIFF/APPELLEE'S DECEDENT, DELBERT LEMASTER AND GRACE McCOY, CUSTOMER SERVICE REPRESENTATIVE OF OHIO VALLEY BANK, IN JACKSON, OH.
II. THE COURT ERRED IN FINDING THAT EACH YEAR DELBERT LEMASTER WOULD HAVE THE BALANCE OF THE PROMISSORY NOTE BETWEEN THE PARTIES, CALCULATED BY OHIO VALLEY EMPLOYEE, GRACE McCOY, EACH YEAR FROM 1994 THROUGH 1999. THE COURT RELIED UPON EXHIBIT 5 TO MAKE THESE FINDINGS ALTHOUGH DELBERT LEMASTER WAS DECEASED AND GRACE McCOY WAS ALIVE TO TESTIFY YET SHE WAS NOT PRESENT AND DID NOT PROVIDE TESTIMONY AS TO THE AUTHENTICITY OF THE ADDING MACHINE TAPE OR THE CLAIMS OF APPELLEE'S ADMINISTRATOR. GRACE McCOY, IF CALLED TO TESTIFY, WOULD HAVE DENIED THE CLAIMS REGARDING CALCULATING INTEREST OR BALANCES ON THE NOTE IN QUESTION. SHE WOULD HAVE TESTIFIED THAT SHE HAD NEVER SEEN PLAINTIFF/APPELLEE'S EXHIBIT 5.
III. THE TRIAL COURT ERRED IN ADMITTING PLAINTIFF/APPELLEE'S EXHIBIT 5 OVER THE OBJECTION OF APPELLANT'S COUNSEL FOR THE FURTHER REASON THAT DEFENDANT/APPELLANT WAS NOT ADVISED REGARDING, OR PROVIDED A COPY OF, SAID EXHIBIT IN A TIMELY MANNER SO THAT HIS COUNSEL COULD HAVE INTERVIEWED AND/OR SUBPOENAED GRACE McCOY FOR THE HEARING.
IV. THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT/APPELLANT IN FINDING AND CONCLUDING THAT DEFENDANT/APPELLANT OWED CHLOE SCHAUSEL, ADMINISTRATOR OF THE ESTATE OF DELBERT LEMASTER, THE SUM OF $61,882.13.
V. THE TRIAL COURT ERRED IN ITS FINDINGS OF FACT BY NOT GIVING DEFENDNAT/APPELLANT CREDIT FOR PAYMENTS HE HAD MADE ON THE NOTE (PLAINTIFF/APPELLEE'S EXHIBIT 1) THE COURT HAD FOUND IN ITS FINDINGS OF FACT THAT DEFENDANT/APPELLANT HAD MADE PAYMENTS AMOUNTING TO $3,812.00 (SEE FINDINGS OF FACT #2 IN THE COURT'S DECISION) THEN THE COURT PROCEEDED TO IGNORE THIS FINDING WHEN RENDERING ITS JUDGMENT.
VI. THE TRIAL COURT ERRED IN ADMITTING PLAINTIFF/APPELLANT'S EXHIBIT FOUR (4) (A LETTER TO THE OHIO ATTORNEY GENERAL) INTO EVIDENCE OVER THE OBJECTION OF COUNSEL FOR DEFENDANT/APPELLANT.
VII. PLAINTIFF/APPELLEE FAILED TO PROVE HER CASE AGAINST DEFENDANT/APPELLANT BY A PREPONDERANCE OF THE EVIDENCE.
 {¶ 12} Initially, we dismissed Stevens' appeal for lack of jurisdiction because Stevens had filed a motion for new trial prior to filing his notice of appeal, and nothing in the record indicated whether the trial court had ruled on the motion for new trial. Accordingly, we dismissed his appeal for lack of a final appealable order. See Schausel v. Stevens, Jackson App. No. 05CA10, 2006-Ohio-2482.
 {¶ 13} Stevens then filed a motion requesting us to reconsider our decision dismissing the appeal. He also filed a motion to supplement the record with a certified copy of the trial court's entry denying his motion for new trial, which had mistakenly been left out of the record. We granted Stevens' motion for reconsideration and motion to supplement the record. We concluded that the certified copy of the trial court's entry denying Stevens' motion for new trial created a final appealable order, thus granting us jurisdiction to review the case.
 {¶ 14} We have reactivated Stevens' appeal and now address the merits.
 II. Calculator Tape {¶ 15} Because each of Stevens' first three assignments of error concerns the admission of the calculator tape into evidence, we will review them together. Decisions regarding the admission of relevant evidence rest within the sound discretion of the trial court. Therefore, we will not reverse such a decision absent an abuse of discretion by the lower court. Statev. Combs (1991), 62 Ohio St.3d 278, 284; State v. Sage (1987),31 Ohio St.3d 173, paragraph two of the syllabus. The term "abuse of discretion" connotes more than a mere error of judgment; it implies that a lower court's attitude is unreasonable, arbitrary or unconscionable. State v. Xie (1992), 62 Ohio St.3d 521, 527;State v. Montgomery (1991), 61 Ohio St.3d 410, 413. While applying this standard of review, we may not freely substitute our judgment for that of the trial court. State v. Parks (Dec. 20, 1995), Ross App. No. 95CA2095, 1995 WL 767920; State v.Payne (Aug. 28, 1995), Ross App. No. 94CA2045, 1995 WL 515719.
 {¶ 16} In Stevens' first assignment of error, he contends that the trial court erred in admitting the calculator tape into evidence because it is inadmissible hearsay. Initially, we must determine if Stevens preserved the issue by raising a hearsay objection to the admission of the calculator tape. The transcript reveals the following dialogue:
JUDGE: What is the basis of your objection?
ATTORNEY KUNZE: Okay. That uh . . . she's saying that uh . . . that her father told her that. I don't think he established what time her father told her that . . .
JUDGE: Why does it make a difference when she was told?
ATTORNEY KUNZE: . . . if he was deceased at the time, then that's inadmissible.
JUDGE: Okay. I'm going to order that it be admitted.
 {¶ 17} Stevens' counsel appears to be objecting to the admission of the calculator tape because Schausel's father told Schausel something about it after his death, which would have been impossible. At best, the objection appears to be foundational rather than based upon hearsay.
 {¶ 18} But on appeal, Stevens contends that the calculator tape, a written assertion, is inadmissible hearsay. Because Stevens never made a hearsay objection regarding the calculator tape, he cannot raise that issue on appeal. "An appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected at the trial court." State v.Gordon (1971), 28 Ohio St.2d 45, 50. Because Stevens did not make a proper hearsay objection, he has waived this issue. His first assignment of error is meritless.
 {¶ 19} Next, we address Stevens' third assignment of error. He contends that the trial court erred in admitting the calculator tape into evidence because Schausel's failure to provide Stevens with the exhibit in a timely manner precluded him from interviewing McCoy prior to trial. Stevens points out the Jackson County Court of Common Pleas Local Rules require seven days notice of all exhibits before trial, and that he did not receive the calculator tape until four days before trial.
 {¶ 20} In Schausel's pretrial report, filed on December 15, 2004, she lists "calculation of amount due by decedent" as one of her exhibits and "Grace Ellen McCoy" as one of her witnesses. The trial did not take place until April 8, 2005. This is not a case of trial by ambush as Stevens had an ample amount of time to inquire about the calculations and Ms. McCoy prior to trial. Furthermore, when plaintiff's counsel moved to admit the tape, which is Exhibit 5, Stevens' only basis for objection was foundational. Counsel made no objection based upon noncompliance with discovery or local court rule. Thus, we find no abuse of discretion here.
 {¶ 21} Next, we will consider Stevens' second assignment of error in which he contends that the trial court erred in finding that Lemaster had calculated the balance on the promissory note each year with help from Ohio Valley Bank employee McCoy. Apparently, Stevens believes the tape is not credible without McCoy's participation in its preparation. At trial, rather than attacking the authentication of the tape, its admissibility under the hearsay rules, or its accuracy, Stevens objected on the sole basis that the executrix did not establish when Mr. Lemaster told her about the tape. The trial court overruled the objection. Now on appeal, Stevens contends that McCoy would have testified that she knew nothing of the calculator tape and that she would have denied participating in the calculations. We are not reviewing a motion for new trial, so the issue of newly discovered evidence is not before us.
 {¶ 22} The executrix identified the tape containing her father's handwriting and indicated her father said McCoy helped prepare it. In the absence of a valid hearsay objection, we conclude the court did not abuse its discretion in finding McCoy participated in making the tape. Once it was admitted, it provided some evidence of the balance due on the note. Therefore, we reject Stevens' second assignment of error.
 III. Letter to the Attorney General {¶ 23} Next, we consider Stevens' sixth assignment of error, in which he contends that the trial court erred in admitting a letter written by Schausel to the Ohio Attorney General. Stevens contends that he objected to the admissibility of this letter at trial, that the letter has no probative value, and is unauthenticated. However, the transcript reveals that Stevens' counsel made no objection whatsoever to the admissibility of this letter. As stated above, we will not consider any error in which counsel could have called to the attention of the trial court at the time, but did not. See Gordon, supra. Therefore, we reject Stevens' sixth assignment of error because he failed to raise it at trial.
 IV. Manifest Weight of the Evidence {¶ 24} Stevens' seventh assignment of error contends that the trial court erred in entering judgment for Schausel because Schausel did not prove her case by a preponderance of the evidence, i.e., the trial court's decision was against the manifest weight of the evidence.
 {¶ 25} An appellate court will not reverse the decision of a trial court as being against the manifest weight of the evidence if the decision of the trial court is supported by any competent, credible evidence as to all essential elements of a case. Stateex. rel. Pizza v. Strope (1990), 54 Ohio St.3d 41, 46,560 N.E.2d 765, 769-770. This standard is highly deferential and "some" evidence is enough to prevent a reversal if it applies to all the essential elements of a case. McCoy v. McCoy (1995),105 Ohio App.3d 651, 656, 664 N.E.2d 1012, 1016.
 {¶ 26} Except as noted below, the trial court's decision was supported by some competent credible evidence. Schausel submitted the original promissory note, which was not marked "paid." She also testified without objection that her father had told her Stevens had not repaid the note as he claims. Furthermore, Schausel submitted the calculator tape, which documented the remaining unpaid balance of the promissory note. In the absence of an appropriate objection, there is some competent, credible evidence to support the trial court's judgment. Therefore, we reject Stevens' seventh assignment of error.
 V. Calculation of Amount Owed {¶ 27} Last, we address Stevens' assignments of error four and five together. In each of these assignments of error, Stevens contends that the trial court erred in finding that he owed Schausel $61,882.13 since the trial court did not give him credit for the documented payments he made. In Schausel's complaint, she alleged that Stevens owed $78,882.42 on the note plus interest from December 15, 2002. However, in his opening statement at trial, Schuasel's counsel sought damages of $61,882.13, which constituted the amount Stevens allegedly owed on the note as of January 1, 2000.
 {¶ 28} In its findings of fact, the trial court found that Stevens did owe on the promissory note, which had a principal value of $32,176.50 plus interest at the rate of 10% per annum. Furthermore, the trial court found that Schausel admitted receiving payments from Stevens totaling $3,812.00. In its decision, the trial court awards Schausel the amount of $61,882.13, which was the amount that Schausel's attorney sought in his opening statement. However, we cannot determine whether the trial court gave Stevens credit for the $3,812.00 in payments that the court noted in its findings of fact. Likewise, we cannot tell how the trial court determined the amount due on the note, other than it corresponds to the amount claimed by counsel in the opening statement. Therefore, we remand this matter back to the trial court to explain its calculation of damages, including the effect that the admitted payments had on total interest charges over the period of the loan.
JUDGMENT AFFIRMED IN PART AND REVERSED AND REMANDED IN PART.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED IN PART AND REVERSED AND REMANDED IN PART and that Appellee and Appellant split costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Jackson County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, J. McFarland, J.: Concur in Judgment and Opinion.