OPINION
{¶ 1} This is an appeal by plaintiff-appellant, Besrat G. Amare, from a judgment of the Franklin County Court of Common Pleas finding in favor of defendants-appellees, Chellena Food Express, Inc., and Godofai Tgiorgis, on a breach of contract claim, and awarding damages in the amount of $205,000. Appellees have filed a cross-appeal from the trial court's grant of judgment in favor of appellant in the amount of $50,000.
 {¶ 2} On October 7, 2005, appellant filed a complaint against appellees, alleging that appellees had failed to pay amounts due under a cognovit promissory note. The *Page 2 
complaint arose out of an agreement between the parties, whereby appellant purported to sell his interest in a business to appellees. Appellant sought judgment against appellees for the principal sum of $50,000, plus accrued interest and fees. After the trial court granted a cognovit judgment in favor of appellant, appellees filed a motion for relief from judgment, which the trial court granted.
 {¶ 3} Appellees subsequently filed an answer and counterclaim, asserting in the counterclaim causes of action for breach of contract, frivolous conduct, fraud, forgery, and contribution. On December 4, 2006, appellees filed a motion for partial summary judgment on the issue of liability, arguing that they were relieved of their obligation to pay the $50,000 due on the cognovit note.
 {¶ 4} By decision and entry filed January 26, 2007, the trial court granted in part and denied in part appellees' motion for summary judgment, finding that appellant had breached the contract with appellees. As to appellees' claims of fraud and forgery, the court found that summary judgment was inappropriate to determine those issues. The court also denied appellees' motion for summary judgment on their counterclaim in which appellees alleged frivolous conduct.
 {¶ 5} The remaining issues were then tried before the court on February 1, 2007. On February 2, 2007, the trial court rendered verdicts, finding in favor of appellant in the amount of $50,000 on appellant's complaint, and finding in favor of appellees in the amount of $205,000 on appellees' counterclaim.
 {¶ 6} On February 9, 2007, appellant filed a motion with the court requesting findings of fact and conclusions of law. On February 16, 2007, appellant filed a motion for new trial pursuant to Civ.R. 59. On April 23, 2007, the trial court issued a decision, which *Page 3 
included findings of fact and conclusions of law. The decision of the trial court was journalized by judgment entry filed May 15, 2007.
 {¶ 7} On appeal, appellant sets forth the following three assignments of error for this court's review:
 1. The Court erred in finding any liability against Appellant Besrat G. Amare, since he was not a proper party in Appellees' counter-claim for breach of contract, fraud, forgery, indemnification/contribution and/or frivolous conduct.
 2. Because the Court found that there was no fraud in the inducement, and there was a mistake of fact in the recitals of the modification contract, there was no meeting of the minds and the modification should therefore be found null and void.
 3. The Court erred in finding that there was a breach of contract when the facts supported a breach of the recitals and not a breach of any term of the contract.
 {¶ 8} On cross-appeal, appellees raise the following two assignments of error for review:
 I. The Trial Court Committed Reversible Error In Denying Summary Judgment to Defendants on Plaintiff's Claim In Its January 26, 2007 Decision and Entry.
 II. The Trial Court Committed Reversible Error In Granting Judgment In Favor Of Plaintiff And Against Defendants In The Amount of $50,000.00 In The Final Appealable Order Entered On May 15, 2007, Adopting The Verdict Of February 2, 2007.
 {¶ 9} At the outset, we address a jurisdictional issue. As noted under the facts, following the trial court's verdict, rendered on February 2, 2007, appellant filed a motion for new trial on February 16, 2007. After rendering findings of fact and conclusions of law on April 23, 2007, the trial court filed a judgment entry on May 15, 2007, and appellant filed a notice of appeal on June 12, 2007. *Page 4 
 {¶ 10} A review of the record, however, indicates no disposition of appellant's motion for new trial. In general, "if a motion for new trial precedes the filing of a notice of appeal, the trial court retains jurisdiction to decide the motion because the judgment is not final until the motion is decided." Schausel v. Stevens, Jackson App. No. 05CA10, 2006-Ohio-2482, at ¶ 6. Accordingly, "if the motion for new trial is filed before the notice of appeal, there is no final appealable order for the appellate court to review until the trial court rules on the motion." Id. See, also, Conway v. Sabo (Mar. 31, 1982), Trumbull App. No. 2991 ("[a]s it appears that the motion for new trial has not been responded to in any way, we hold that notice of appeal was prematurely filed, and that until the trial court, by judgment entry properly filed, rules on the motion for new trial, we are without jurisdiction of the appeal"), citing Hurt v. Charles J. Rogers Transp.Co. (1953), 160 Ohio St. 70, paragraphs two and three of the syllabus. If an order is not final and appealable, "a reviewing court has no jurisdiction to consider the matter and has no choice but to dismiss the appeal." Schausel, supra, at ¶ 5.
 {¶ 11} In the present case, because there has been no disposition by the trial court of appellant's motion for new trial, and, therefore, the motion is still pending, this court is without jurisdiction to consider the appeal and cross-appeal. Accordingly, we dismiss the appeal.
Appeal dismissed.
 BRYANT and KLATT, JJ., concur. *Page 1