[Cite as *In re J.M.*, 2015-Ohio-184.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| In the Matter of: | : | |
| J.M., | : | No. 14AP-431 |
| | | (C.P.C. No. 10JU-12-16768) |
| (T.M., | : | |
| | | (REGULAR CALENDAR) |
| Appellant). | : | |

D E C I S I O N

Rendered on January 22, 2015

*T.M.*, pro se.

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations, Juvenile Branch

TYACK, J.

{¶ 1} Appellant, T.M., appeals the decision of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, dismissing his Civ.R. 59 motion for a new trial. For the following reasons, we affirm the trial court's decision.

{¶ 2} This matter arises from a domestic case that began with a complaint filed on December 7, 2010 by Franklin County Children Services ("FCCS") alleging abuse, neglect and dependency of J.M. as the result of injuries to the child and domestic violence occurring between the mother, M.M., and the father, T.M. A case plan was developed to assist with the domestic issues in the home. There were also indications of underlying mental health issues pertaining to T.M. As part of the case plan, T.M. underwent psychiatric evaluation and was diagnosed with paranoid schizophrenia. T.M. was also referred for a special assessment for domestic violence which he failed to complete.

{¶ 3} On August 10, 2012, the trial judge adopted the magistrate's decision which found that continued jurisdiction over the matter was appropriate and T.M.'s visits were

to be supervised by a third party.  FCCS subsequently terminated the action.  The children were placed in the custody of the mother.

{¶ 4}  On January 14, 2014, T.M. filed a motion in domestic court titled "Petitioning Father's 59 Rule Motion for New Trial".  The motion could only be seen as a Civ.R. 59 motion for a new trial.  The magistrate reported that the motion should be overruled and the trial judge then adopted the magistrate's decision on May 9, 2014.

{¶ 5}  A trial court's denial of a motion for a new trial creates a final appealable order.  *Schausel v. Stevens*, 4th Dist. No. 05CA10, 2006-Ohio-4635, ¶ 13.  T.M. timely appealed this decision so we have jurisdiction over this appeal.

{¶ 6}  T.M. sets forth two assignments of error in his brief:

> [I.]  THE TRIAL COURT REPLACEMENT JUDGE GRANTED APPELLANT'S MOTION TO RE-OPENED CASE FOR OUTSTANDING ISSUE, THEN TIMELY FILED APPELLANT'S 59(B) MOTION AS MOOT WHEN BASIS IS COMPLEX CASE HEARING, DECEMBER 27, 2010, REMOVED FROM DOCKET TO EXIST, WOULD TAKE TIME TO DISCOVER, AS BASIS FOR ERROR TO GRANT 59(B) MOTION, NOT TO HOLD HEARING ON FACTS, NOT ALSO TO PRODUCE A TRANSCRIPT, WHEN APPELLANT ORDERED COURT REPORTER PRIOR TO HEARING OBJECTION TO ORIGINAL CASE FAMILY PLAN .01 WITH CONSTITUTIONAL QUESTION, DECEMBER 27, 2010, FOR MAGISTRATE'S CONTROLLED SIDEBAR, FOR COURT APPOINTED ATTORNEY TO PERFECT CLASSIC "BAIT AND SWITCH" AS IF ALL PARTIES AGREED. THEN MAGISTRATE STATED NOT TO NEED A HEARING, NOT TO NEED A COURT REPORTER, AND FAILED TO MAKE ELECTRONIC RECORD, PURSUANT TO CONSPIRACY, THAT APPELLATE COURT INVESTIGATES COMPLEX CASE CLOSELY, TO ASCERTAIN FACTS, HEARING OCCURRED IN FACT ON DECEMBER 27, 2010, FOR MOTION 59(B), TO BE REVERSED, AND THAT THE CAUSE OF ACTION IS REMANDED FOR A NEW HEARING ON ITS MERITS.
>
> [II.]  THE TRIAL COURT ERRED NOT TO HOLD A HEARING ON APPELLANT'S 59(B) MOTION FOR BASIS OF TIME NEEDED FOR CLOSED CASE TO BE OPENED, TIME FOR DISCOVERY AS HEARING REMOVED FROM DOCKET, WHEN APPELLANT'S REQUEST FOR A COURT REPORTER, PRIOR TO HEARING ON ANY OBJECTIONS

TO APPELLEE'S ORIGINAL CASE FAMILY PLAN .01, CONTAINING AN OBJECTIONABLE CONSTITIONAL QUESTION, DECEMBER 27, 2010, THAT ATTORNEY MEETS MAGISTRATE TO RETURN WITH BLANK CASE PLAN TO DEMAND FORCE APPELLANT'S SIGNATURE, TOLD AS NECESSARY FOR THE MAGISTRATE TO HEAR OBJECTIONS, BUT PURSUANT TO CONSPIRACY, MAGISTRATE CALLS FOR A SIDE BAR, AS ATTORNEY COMPLETE AND SUBMIT AS IF CLASSIC "BAIT AND SWITCH" IS AGREED, WHEREIN AFTER MAGISTRATE CONTROLS TO STATE, IF EVERYONE AGREED AS IF ALL SIGNED, THEN NO NEED FOR A HEARING, NO NEED FOR A COURT REPORTER. TO DENY COURT REPORTER DENY'S APPELANT'S DUE PROCESS FOR JURISDICTION THAT COURT MAKE ELECTRONIC RECORDING, PURSUANT TO CONSPIRACY, NOT TO RECORD, DENIES TRANSCRIPT, AS NECESSARY THAT APPELLATE COURT CAN INVESTIGATE A COMPLEX CASE BASIS, THAT MOTION 59(B) DENIED, IS TO BE REVERSED, AND THAT THE CAUSE OF ACTION BE REMANDED FOR NEW HEARING ON THE MERITS.

The assignments of error do not address the dispositive issue.

{¶ 7} T.M.'s January 14, 2014 Civ.R. 59 motion for a new trial was not timely made. Civ.R. 59(B), as amended in July 2013, states: "**Time for motion**. A motion for a new trial shall be served not later than twenty-eight days after the entry of the judgment." There was no judgment entry filed within the 28 days of T.M.'s motion. The last entry prior to T.M.'s motion was journalized over one year earlier.

{¶ 8} T.M.'s assignments of error are rendered moot, and therefore overruled. The judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch is affirmed.

*Judgment affirmed.*

KLATT and DORRIAN, JJ., concur.

————————————