MORRIS, APPELLANT, *v.* THE FIRST NATIONAL BANK & TRUST CO. OF RAVENNA, APPELLEE.

[Cite as Morris v. First Natl. Bank & Trust Co., 15 Ohio St. 2d 184.]

(No. 68-56—Decided July 10, 1968.)

*Messrs. DiPaolo & Kirkwood* and *Mr. Charles E. Kirkwood,* for appellant.

*Messrs. Loomis, Jones, Poland, Wilson & Griffith* and *Mr. J. Philip Jones,* for appellee.

MATTHIAS, J.   The question in this case is whether a bill of exceptions is necessary in the appeal of a summary judgment in a case filed in the trial court after the November 5, 1965, amendment to Section 2311.041, Revised Code,* the summary judgment statute.

It is important to remember that a summary judgment proceeding is not a trial, but a hearing upon a motion. The court must determine whether there is a genuine issue as to any material fact, and the court's decision must rest upon specifically prescribed sources of evidence.

In its amended form, Section 2311.041, Revised Code, allows the trial judge, upon motion for summary judgment to consider *only* the following evidence and stipulations:

1.   pleadings

---

*The salient features of the amended summary judgment statute, with the new matter emphasized by italics, are as follows:

"Summary judgment may be granted in a civil action as provided in this section * * *

"* * *

"(B) The hearing on a motion for a summary judgment shall not be less than ten days after the date of the filing thereof. * * *   Summary judgment shall be rendered forthwith if the pleadings, depositions, answer to interrogatories, *written* admissions of the genuineness of papers or documents, affidavits, *transcripts of evidence in the pending action, and written stipulations of fact,* if any, *previously filed in the action,* show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *No evidence or stipulation may be considered except as stated in this section.*   A summary judgment shall not be rendered unless it appears from the pleadings, depositions, answers to interrogatories, *written* admissions of the genuineness of papers or documents, affidavits, *transcripts of evidence in the pending case, and written stipulations of fact,* if any, *previously filed in the action, and only therefrom,* that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made * * *."

2. depositions
3. answers to interrogatories
4. written admissions of the genuineness of papers or documents
5. affidavits
6. transcripts of evidence in the pending case
7. written stipulations of fact.

Not only does Section 2311.041, Revised Code, as amended, enumerate the items which must be in writing, but it provides further that they be filed previous to the hearing on the motion. Thus, the amendment has wrought a substantial change in the kind of proceeding originally provided for by the statute.

This court has addressed itself to the problem of whether a bill of exceptions was necessary to prosecute an appeal from a summary judgment granted under Section 2311.041, Revised Code, as originally constituted, in no less than four cases. See *Smith* v. *Diamond Milk Products, Inc.,* 176 Ohio St. 143; *Wickham* v. *First Federal Savings & Loan Co.,* 177 Ohio St. 170; *Ford* v. *Ideal Aluminum, Inc.,* 7 Ohio St. 2d 9; *Crow* v. *Brite Metal Treating, Inc.,* 9 Ohio St. 2d 63. In each of those cases the failure of the appellant to file a bill of exceptions with the higher court was deemed fatal to his appeal. However, questions were raised in each of those cases (in all of which the original statute was in effect at the time of the trial court disposition of the case) which would indicate that there was evidence taken at the time of the hearing on the motion for summary judgment.

In *Ford* v. *Ideal Aluminum, Inc., supra* (7 Ohio St. 2d 9) this court held:

"Where an authenticated bill of exceptions in a trial court is necessary to exemplify the facts which determined the issues presented there, its absence requires a reviewing court on appeal to dismiss the appeal or affirm the judgment of the court from which the appeal is taken."

In the opinion, by Judge Zimmerman, it was stated that "the judgment entry of the Court of Common Pleas

indicates that there was evidence introduced in and considered by that court. What the evidence may have been, its nature, form, significance and importance, and what admissions, concessions or other incidents may have occurred there are not shown."

The amended statute precludes this possibility by setting forth the seven items which must be *"previously filed in the action,"* and by providing that *"no evidence or stipulation may be considered except as stated in this section."* (Emphasis added.)

Most of the seven items enumerated are, by their nature, written, and the amended statute adds the word "written" to the other items so that there can be no oral testimony.

This is emphasized further by the provision of the statute that "a summary judgment shall not be rendered unless it appears" from the enumerated items *"previously filed in the action, and only therefrom,* that reasonable minds can come to but one conclusion * * *."* (Emphasis added.)

Section 2505.08, Revised Code, which is concerned with procedure on appeal, provides, in part: "the clerk of the court from which the appeal is taken or a judge thereof, shall, upon being paid the lawful fees and the filing of a praecipe therefor, prepare and file in the court to which the appeal is taken, a transcript of the docket or journal entries, with such original papers or transcripts as are necessary to exhibit the error complained of. * * *"

In the instant case, a praecipe was filed in the Court of Common Pleas, as follows:

"To the Clerk:

"Prepare and file in the Court of Appeals for said county, a transcript of the documents and journal entries in the above entitled case, together with *all* original papers or transcripts thereof." (Emphasis added.)

The Clerk of Courts certified a "true transcript of the docket and journal entries," and further certified "that the papers herewith sent, numbered from one to 28, inclusive,

are *all* the original papers and pleadings filed in the above cause * * *.'' (Emphasis added.)

The praecipe in this case ordered a record of *all* the papers and items on file. The clerk certified that the 28 papers sent were *all* of the items on file.

Section 2311.041, Revised Code, as amended, now limits determination of the motion for summary judgment to *all* the papers on file previous to the hearing. No other evidence may be considered. Thus, the Court of Appeals had before it everything which the trial court was allowed, by statute, to consider in ruling upon the motion for summary judgment.

It follows that affirmance of the judgment of the Court of Common Pleas by the Court of Appeals, for failure of the appellant to file a bill of exceptions, was erroneous, in light of the 1965 amendment to the summary judgment statute. Therefore, we reverse the judgment of the Court of Appeals and remand the cause to that court for a determination as to whether the Court of Common Pleas acted properly in granting defendant's motion for summary judgment.

*Judgment reversed.*

TAFT, C. J., ZIMMERMAN, O'NEILL, SCHNEIDER and BROWN, JJ., concur.

HERBERT, J., concurs in the judgment only.