[a]CHIEF JUSTICE TAFT participated in this case which was, however, decided after his death.

SKINNER ET AL., APPELLANTS, *v.* H. & F. H. HOSEA CO., APPELLEE.

(No. 69-634—Decided September 24, 1970.)

118

*Messrs. Holbrock & Jonson,* for appellants.
*Messrs. McCaslin, Imbus & McCaslin, Mr. C. J. De-Michelis* and *Mr. W. Steven Boller,* for appellee.

*Per Curiam.* The single proposition of law advanced by appellant in this appeal is that a bill of exceptions is not necessary in the appeal of a summary judgment case.

That proposition was settled in *Morris v. First National Bank & Trust Co.*, 15 Ohio St. 2d 184, wherein the syllabus reads:

"A bill of exceptions is not necessary in the appeal of a summary judgment in a case filed in the trial court after the November 5, 1965, amendment to Section 2311.041, Revised Code, the summary judgment statute."

Appellee argues, however, that this court cannot pass on the correctness of the judgment of the Court of Appeals herein for the reason that the record does not show the nature of the motion or the grounds for dismissal by the Court of Appeals.

Although the record is not clear in the respects noted by appellee, a careful examination and consideration of the record leads inescapably to the conclusion that the Court of Appeals dismissed the appeal for the reason advanced by appellee in its supplemental brief, *i. e.*, the lack of a bill of exceptions.

The praecipe filed by appellant with the clerk of the Court of Common Pleas requested the clerk to prepare "* * * a transcript of the docket and journal entries together with the original papers * * *."

Appellee points out that in *Morris* the praecipe instructed the clerk to prepare *all* the papers and items on file and that the praecipe here does not. We are of the opinion that *Morris* cannot be distinguished on that basis. In this case, the praecipe requested, without qualification, that the clerk prepare "the original papers" and was sufficient to indicate to the clerk that *all* the "original papers" in the case were intended.

The effect of the provisions of R. C. 2311.041, that summary judgment must be determined from certain designated items filed in the case, is to make those items original papers in the case. As such, they are as much a part of the record as the pleadings, and, upon appeal, such items

are to be certified to the Court of Appeals as are the other papers making up the record in the case.

In the instant case, the ''original papers'' would include the things considered by both the trial court and the Court of Appeals, namely, ''the pleadings, affidavits, depositions and other evidence previously filed in * * * [the] action.''

''Thus, the Court of Appeals had before it everything which the trial court was allowed, by statute, to consider in ruling upon the motion for summary judgment.'' *Morris* v. *First National Bank & Trust Co., supra* (15 Ohio St. 2d 184, 188).

Hence, the Court of Appeals was in a position to review the action of the trial court in granting the motion for summary judgment. Under such circumstances, its dismissal of the appeal was erroneous.

The judgment of the Court of Appeals is reversed and the cause remanded to that court for further proceedings according to law.

*Judgment reversed.*

O'NEILL, C. J., LEACH, SCHNEIDER, HERBERT, DUNCAN and CORRIGAN, JJ., concur.

LEACH, J., of the Tenth Appellate District, sitting for MATTHIAS, J.