JOURNAL ENTRY and OPINION
{¶ 1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the record from the lower court, the briefs, and the oral arguments of counsel.
 {¶ 2} Plaintiff-appellant George T. Simon ("appellant") appeals the decision of the trial court. Having reviewed the arguments of the parties and the pertinent law, we hereby reverse and remand to the trial court.
 I. {¶ 3} According to the record, appellant lives at 7572 Winding Way, Brecksville, Ohio. Appellant had an insurance policy with Encompass Insurance Company/Glen Falls Insurance Company ("Encompass"). On May 13, 2002, while the policy was in force, appellant's basement wall caved in and soil poured into a 12-foot-wide opening. He subsequently made a claim on his policy. Encompass received the claim and hired an engineer to determine the cause of the damage.
 {¶ 4} Engineering and Fire Investigations issued a report stating the following:
"The inward collapse of the rear portion of the right basement wall of the Simon residence was caused by lateral earth pressure against the exterior of the wall. * * * This [rain] increased the hydrostatic pressure in the soil, thus causing a tremendous amount of lateral earth pressure, as it was not equipped with vertical reinforcement. As such, the wall collapsed under the increase in soil pressure."[1]
 {¶ 5} The engineer found that a downspout was missing above the area that had failed and that the contractor had graded the area so that it sloped toward the house instead of away from the house. The engineer also determined that the block walls were not grouted and contained no horizontal or vertical reinforcement.[2]
 {¶ 6} The engineer checked the records of the National Weather Service and found that the area experienced above-normal rainfall in May 2002 and that it had rained very hard in the days before the failure.
 {¶ 7} The engineer concluded that the block basement wall had failed because of "lateral earth pressure against the exterior of the wall," which was exacerbated by "the ground slopes adjacent to the exterior of the dwelling, which do not provide positive drainage away from the foundation."[3] The engineer's report stated:
"The 1.22 inches of additional rainfall received in the 24-hour period surrounding the date of loss, coupled with the large amounts of rainfall received prior to the date of loss, caused the soil adjacent to the wall to become saturated. This increased the hydrostatic pressure in the soil, thus causing a tremendous amount of lateral earth pressure against the wall. The wall was not designed to sustain lateral earth pressure, as it was not equipped with vertical reinforcement. As such, the wall collapsed under the pressure accompanied with resultant soil movement.
"The lateral earth pressure against the foundation walls was exacerbated by the ground slopes adjacent to the exterior of the dwelling, which do not provide positive drainage away from the foundation. In particular, the ground surfaces adjacent to the rear right corner were sloped toward the dwelling. The finished grade around the dwelling should be contoured to drain water away from the building at a minimum slope of 1/4" per foot for 10 feet.
"In addition, the gutter above the rear right corner of the dwelling appeared to overflow during heavy rainfall events."
 {¶ 8} Appellant did not hire an expert; consequently, the engineer's conclusions were undisputed. On June 5, 2002, Encompass sent a letter to the insured, denying the claim. It quoted only one exclusion in its denial letter, the earth movement exclusion.[4] Appellant then filed a declaratory judgment action in order to determine his rights under the policy.
 {¶ 9} Both sides filed for summary judgment based on the facts presented in appellant's deposition and the corresponding exhibits. Initially, the trial court overruled both motions, holding that there were genuine issues of material fact to be determined by the trier of fact.
 {¶ 10} However, at the next pretrial, both sides orally sought clarification of what material facts the trial court thought were in dispute. The trial court then reconsidered its order and issued a one-line order, holding that coverage was not available to the appellant under Encompass' policy. Appellant now appeals.
 II. {¶ 11} Appellant's first assignment of error states the following: "The trial court erred in overruling the plaintiff's motion for summary judgment and granting the defendants' motion for summary judgment."
 {¶ 12} This court reviews the lower court's granting of summary judgment de novo in accordance with the standards set forth in Civ.R. 56(C). North Coast Cable v. Hanneman (1994), 98 Ohio App.3d 434, 440.
 {¶ 13} Civ.R. 56 provides that summary judgment may be granted only after the trial court determines: 1) no genuine issues as to any material fact remain to be litigated; 2) the moving party is entitled to judgment as a matter of law; and 3) it appears from the evidence that reasonable minds can come but to one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. Norris v.Ohio Std. Oil Co. (1982), 70 Ohio St.2d 1; Temple v. Wean United, Inc.
(1977), 50 Ohio St.2d 317.
 {¶ 14} It is well established that the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. Celotex Corp. v. Catrett (1987), 477 U.S. 317, 330; Mitseffv. Wheeler (1988), 38 Ohio St.3d 112, 115.
 {¶ 15} In Dresher v. Burt, 75 Ohio St.3d 280, 1996-Ohio-107, the Ohio Supreme Court modified and/or clarified the summary judgment standard as applied in Wing v. Anchor Media, Ltd. of Texas (1991), 59 Ohio St.3d 108. Under Dresher, "* * * the moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact or material element of the nonmoving party's claim." Id. at 296. The nonmoving party has a reciprocal burden of specificity and cannot rest on mere allegations or denials in the pleadings. Id. at 293. The nonmoving party must set forth "specific facts" by the means listed in Civ.R. 56(C), showing a genuine issue for trial exists. Id.
 {¶ 16} An insurer has the duty to act in good faith in the handling and the payment of the claims of an insured. The standard for a bad faith claim is that an insurer fails to exercise good faith in processing a claim of its insured where its refusal to pay the claim is not predicated upon circumstances that furnish reasonable justification therefor. The refusal to pay may not be arbitrary or capricious, but, rather, the conduct of an insurer must be based on circumstances that furnish a reasonable justification therefor. Kehoe v. Lightning Rod Mut. Ins. Co.
(1996), 115 Ohio App.3d 234.
 {¶ 17} A contract of insurance, prepared by the insurer, is to be construed liberally in favor of the insured and strictly against the insurer, where the meaning of the language used is doubtful, uncertain, or ambiguous. Moorman v. Prudential Ins. Co. (1983), 4 Ohio St.3d 20.
 III. {¶ 18} In the case at bar, the insurance policy is an all-risk policy; that is, it pays for all physical loss to real property unless such loss is specifically excluded.[5] The policy contains several exclusions, only one of which is relevant to this appeal. Encompass' denial letter stated the following:
"LOSSES WE DO NOT COVER
"We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.
"1. Real Property and Tangible Personal Property. We do not insure for loss:
* * *
"b. Caused by earth movement, meaning: earthquake, including land shock waves or tremors before, during or after a volcanic eruption; landslide; mudflow; mine subsidence; earth subsidence; sinkhole; or earth sinking, rising or shifting; unless direct loss by:
"(1) Fire;
"(2) Explosion; or
"(3) Breakage of glass or safety glazing material which is part of a building, storm door or storm window."
 {¶ 19} Encompass provided a listing of what it considers earth movement in its policy. It specifically defined earth movement in its policy to include earthquakes, land shock waves, tremors from volcanic eruptions, landslides, mudflows, sinkholes, subsidence, or earth sinking, rising or shifting. Encompass was very thorough in its definition, even listing several major disasters. Although Encompass drafted the contract and had every opportunity to modify it, it did not list pressure or hydrostatic pressure in its detailed definition of earth movement.
 {¶ 20} The exclusion section lists significant events such as earthquakes, volcanos, landslides, and mudslides. The language in this exclusion is therefore logically interpreted as covering more drastic earth movement, the kind typically resulting from these types of significant events. The evidence in the record demonstrates that the instant situation is not included in these types of events.
 {¶ 21} Moreover, the engineering report stated that there was no movement of soil until after the wall failed. Soil movement played no role in causing the failure of the wall. The engineering report states that the wall failure was caused by a large amount of rainfall, the ground sloping toward the house and a bad gutter. All of these led to the saturation of the ground outside the wall, increasing the hydrostatic pressure of the soil to the point where "a tremendous amount of lateral earth pressure against the wall" caused the wall to fail. Only after the wall failed did any earth movement occur.
 {¶ 22} The engineering report states that "the wall collapsed under the pressure accompanied with resultant soil movement." In other words, the wall failure caused the earth movement; the earth movement did not cause the wall failure.
 {¶ 23} Therefore, based on the evidence in the record, we find that appellant is entitled to summary judgment in his favor. Encompass did not meet its burden. Encompass failed to prove that the basement wall caved in because of earth movement, as it is defined in this particular policy. Encompass' own expert report agreed that the damage was caused by increased "hydrostatic pressure in the soil, thus causing a tremendous amount of lateral earth pressure against the wall." Hydrostatic pressure and earth pressure are not the same as earth movement, as defined in Encompass' policy. Therefore, the earth movement exclusion is inapplicable.
 {¶ 24} The insurance policy in this case contains an appraisal clause.[6] This clause allows the parties to resolve any dispute regarding the amount of loss through appraisal.
 {¶ 25} Encompass sought to raise several coverage exclusions and defenses not previously relied upon by the company or raised as affirmative defenses in its answer. Moreover, Encompass' answer did not raise the collapse exclusion, the water exclusion, or the settlement exclusion raised in its motion for summary judgment.
 {¶ 26} Ohio law is well established that a party waives those affirmative defenses not properly asserted in a responsive pleading.Jim's Steak House, Inc. v. Cleveland (1998), 81 Ohio St.3d 18 (holding that affirmative defenses other than those listed in Civ.R. 12(B) are waived if not properly pled).
 {¶ 27} Accordingly, we find coverage for the appellant and direct that the parties conduct an appraisal to determine the specific amount of loss. A trial is unwarranted in this instance. This case is remanded for the sole purpose of allowing the lower court to order the parties to conduct an appraisal, so that the appropriate amount of damages may be calculated and paid to appellant.
 {¶ 28} Appellant's assignment of error is sustained.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellees costs herein.
It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Cooney, P.J., and Kilbane, J., concur.
[1] See Exhibit A to defendant's motion for summary judgment, p. 6.
[2] See Exhibit A.
[3] See page 6 of report.
[4] See Exhibit C to Simon deposition.
[5] See Exhibit B, p. 4 — Real Property — Covered Perils.
[6] See Exhibit B, p. 15.