OPINION
{¶ 1} Plaintiff-appellant, Besrat G. Amare ("appellant"), appeals from a judgment of the Franklin County Court of Common Pleas rendered after a bench trial, finding in favor of defendants-appellees, Chellena Food Express, Inc. ("Chellena") and Godofai Tgiorgis ("Tgiorgis") (collectively "appellees"), on a breach of contract claim, and awarding damages in the amount of $205,000. Appellees filed a cross-appeal from the trial court's judgment in favor of appellant in the amount of $50,000. *Page 2 
 {¶ 2} This matter arises from the failed attempt to sell an Ameristop Food Mart ("Ameristop") franchise business, owned by Ohio Valley AFM, Inc. ("Ohio Valley"). The following chronology of events relating to this sale is taken from the trial court's findings of fact. Appellant and his partner, Mulubirhan Woldehiwot ("Woldehiwot"), bought the Ameristop at issue in July 2000. Though owned by Ohio Valley, the Ameristop was operated through appellant's company, 4736 East Main, Inc. ("East Main"). The 2000 franchise agreement between appellant, Woldehiwot and Ohio Valley provided, in pertinent part:
 This Agreement and any of Franchisee's rights hereunder shall not be assigned without written approval of Franchiser. In the event Franchisee is a corporation or partnership or other legal entity, no change or substitution of shareholders or ownership interest, direct or indirect, whether by merger or consolidation or otherwise, shall be made without written approval of Franchiser. Any attempted assignment or change without written approval of Franchiser shall be void and of no force or effect. Any sale, assignment or other transfer of any interest in this Agreement and/or the Store by Franchisee will be subject to payment of a transfer fee paid to Franchiser by the transferor due at the time of such transfer, the amount of which shall be Franchiser's transfer fee in effect at the time of transfer, and at Franchiser's option, may be subject further to the transferee executing the Franchiser's then current form of franchise agreement to replace this Agreement, among other things.
(Franchise Agreement at 10.)
 {¶ 3} A credit and security agreement granted Ohio Valley a security interest in the following collateral:
 All machinery, equipment, furniture and fixtures, now owned or hereafter acquired, together with all replacements thereof, all attachments, accessories, parts, equipment, and tools belonging thereto or for use in connection therewith; all inventory and supplies now owned or hereafter acquired; all accounts receivable, accounts, notes, drafts, acceptances, *Page 3 
and other forms of obligations and receivables now or hereafter received by or belonging to Franchisee for goods sold by Franchisee or for services rendered by Franchisee, all guarantees and securities therefor, and all rights, title and interest of Franchisee in merchandise which shall give rise thereto, and all rights of Franchisee earned or yet to be earned under contracts to sell, or to render services, or any other contract rights, choses in action or general intangibles of every kind. Proceeds of collateral are also covered. Products of collateral are also covered.
 If the Store is owned by a corporation, then the Collateral shall also include all of the voting shares of capital stock of the corporation that owns the Store.
(Credit and Security Agreement at 2.)
 {¶ 4} On February 26, 2003, appellee Tgiorgis purchased Woldehiwot's shares of East Main. On March 17, 2003, appellant and appellee Tgiorgis entered into a business agreement for the sale of appellant's share of the business for the total amount of $100,000. Appellee Tgiorgis formed Chellena, and on June 3, 2003, the parties entered into a purchase agreement ("June 2003 agreement"), for Chellena's purchase of the Ameristop and the assets of East Main. The June 2003 agreement provided, in pertinent part:
 2. PURCHASE AND SALE OF ASSETS AND INVENTORY. Under the terms and subject to all conditions herein and performances by each of the parties hereto of their respective obligations hereunder, the Purchaser agrees to purchase from the Seller and the Seller agrees to sell and deliver to Purchaser at the closing, the business and assets listed in Exhibit "A" attached hereto and incorporated herein by reference, in an as is condition.
 3. PURCHASE PRICE. The Purchaser shall pay to Seller the price of Fifty Thousand Dollars ($50,000.00) for the business and the Seller in turn will disburse to Besrat Amare, a 55% shareholder, the sum of Fifty Thousand Dollars and Godofai Tgiorgis will exchange his stock in 4736 E. Main, Inc. for shares of stock in Chellena Food Express, Inc. Said Fifty *Page 4 
Thousand Dollars shall be paid as follows: (a) Purchaser will execute and deliver to Seller, Besrat Amare, a promissory/cognovit note in the principal sum of Fifty Thousand Dollars ($50,000.00). Said promissory note shall bear zero (-0-) interest. Said payment of Fifty Thousand Dollars will be due and payable in full on or before May 31, 2005.
 4. WARRANTIES OF SELLER. Seller warrants that it has good and marketable title to all of the assets contained on Exhibit "A" attached hereto and has the absolute right to sell, assign and transfer the same to Purchaser.
 (D) This Agreement, constitutes the entire agreement of the parties. There are not, and shall not be, any oral statements, representations, warranties, undertakings or agreements between the parties other than expressed in this instrument and those financial agreements executed pursuant to the terms of this contract.
 7. Purchaser shall apply for a liquor license within six months from the date of this Agreement. If the Purchaser, through no fault of its own, is unable to obtain a liquor license after application is made, Purchaser shall not be required to pay the purchase price of Fifty Thousand Dollars to Seller.
 {¶ 5} The parties also executed a cognovit promissory note for the amount of $50,000 due and payable on or before May 31, 2005. In November 2003, the parties modified the June 2003 agreement to make it appellant's, rather than appellees' burden to apply for the liquor permit. In December 2003, appellant applied for the liquor permit, and on March 30, 2004, the Division of Liquor Control ("Division"), responded that an application was currently pending and a final determination on the merits of said application would not be able to be made until after July 7, 2004. The Division also stated: *Page 5 
 On November 14, 2002, the Ohio Liquor Control Commission ("Commission") issued an Order effective December 5, 2002 Revoking the following permit: number 9115239-0020, class C-1-2, D-6, at TVM, Inc., dba Ameristop Food Mart #29304, 5880 North Meadows Boulevard in Columbus, Ohio 43229. An appeal was taken and on July 7, 2003 the Court of Common Pleas of Franklin County, Ohio affirmed the Order of the Commission. Pursuant to a rule of the Commission, Ohio Administrative Code Section 4301:1-1-08, the Division shall not issue any permit at this location until one year has passed. A copy of the rule is enclosed for your review.
 {¶ 6} A liquor license was obtained in July 2004. On November 28, 2004, appellant executed a 60-day commercial cognovit promissory note granting Ohio Valley a security interest in the "merchandise inventory, equipment, furniture, fixtures, cash, cash on hand, security deposits, other deposits, and other assets of the business known as [Ameristop]" under the June 2000 credit and security agreement. Appellant defaulted on this note, and Ohio Valley obtained judgment and foreclosed on the property. The business remained closed for a period of four months. Appellees unilaterally repurchased the Ameristop from Ohio Valley for $130,000.
 {¶ 7} On October 7, 2005, appellant filed this action against appellees alleging appellees failed to pay amounts due under the cognovit promissory note. Appellant sought judgment against appellees for the principal sum of $50,000, plus accrued interest and fees. On December 7, 2005, judgment was granted in favor of appellant on his cognovit complaint. Thereafter, appellees sought relief from judgment. Because appellant filed neither a correct cognovit promissory note with the complaint, nor a proper warrant of attorney, the trial court filed an entry ordering a stay of execution of the December 7, 2005 judgment entry. Subsequently, the trial court granted appellees' motion for relief from judgment and motion for leave to amend their answer and file a counterclaim. In *Page 6 
their counterclaim, appellees alleged causes of action for breach of contract, frivolous conduct, fraud, forgery, and contribution.
 {¶ 8} On December 4, 2006, appellees filed a motion for partial summary judgment as to the issue of liability on their counterclaims. In addition, appellees argued they were entitled to summary judgment on appellant's claims as well. On January 26, 2007, the trial court rendered a decision granting summary judgment in favor of appellees only on their counterclaim for breach of contract, and only to the extent appellant was found to have breached the portion of the June 2003 agreement warranting that he had marketable title to the franchise assets. The trial court denied appellees' motion for summary judgment with respect to all other claims. The matter proceeded to a bench trial commencing on February 1, 2007. At the conclusion of the trial, the trial court rendered judgment in favor of appellant on his cognovit complaint in the amount of $50,000. On appellees' counterclaims, the trial court rendered judgment in favor of appellees and against appellant in the amount of $205,000.
 {¶ 9} On February 9, 2007, appellant filed a motion for findings of fact and conclusions of law pursuant to Civ. R. 52. On February 16, 2007, appellant filed a motion for a new trial pursuant to Civ. R. 59. On April 23, 2007, the trial court issued findings of fact and conclusions of law. The decision of the trial court was journalized by judgment entry on May 15, 2007. An appeal was filed with this court; however, because there was no disposition of appellant's motion for a new trial, the appeal was dismissed on jurisdictional grounds. Amare v. Chellena FoodExpress, Inc., Franklin App. No. 07AP-495, 2008-Ohio-65 ("AmareI"). On July 10, 2008, the trial court denied appellant's *Page 7 
motion for a new trial. This appeal followed, and appellant brings the following three assignments of error for our review:
 1. The Court erred in finding any liability against Appellant Besrat G. Amare, since he was not a proper party in Appellees' counter-claim for breach of contract, fraud, forgery, indemnification/contribution and/or frivolous conduct.
 2. Because the Court found that there was no fraud in the inducement, and there was a mistake of fact in the recitals of the modification contract, there was no meeting of the minds and the modification should therefore be found null and void.
 3. The Court erred in finding that there was a breach of contract when the facts supported a breach of the recitals and not a breach of any term of the contract.
 {¶ 10} Appellees filed a cross-appeal and bring the following two cross-assignments of error for our review:
 I. The Trial Court Committed Reversible Error In Denying Summary Judgment To Defendants On Plaintiff's Claim In Its January 26, 2007 Decision and Entry.
 II. The Trial Court Committed Reversible Error In Granting Judgment In Favor of Plaintiff And Against Defendants In The Amount Of $50,000.00 In The Final Appealable Order Entered On May 15, 2007, Adopting the Verdict Of February 2, 2007.
 {¶ 11} In his first assignment of error, appellant contends he was not a proper party to appellees' counterclaims because his corporation, East Main, should have been joined as a necessary third-party defendant. According to appellant, though he signed the modification agreement in his individual capacity, he did not sign the June 2003 agreement in his individual capacity but, rather, signed as president of East Main. Therefore, appellant contends absent a basis to pierce the corporate veil he cannot be personally liable on the original purchase agreement. *Page 8 
 {¶ 12} We take this time to reiterate that the trial court found appellant liable only on appellees' counterclaim for breach of contract and found in favor of appellant on the remaining counterclaims. With respect to the breach of contract claim, the trial court determined a portion of appellant's liability via summary judgment and the resulting damages were determined at trial.
 {¶ 13} However, at no time, during trial or otherwise, did appellant ever assert he was not a proper party to this litigation. There is no mention in appellant's answer, no mention in appellant's memorandum contra to appellees' motion for summary judgment, which resulted in a determination of appellant's liability, and no mention at trial that appellant was not a proper party to this litigation. The first time this issue was raised was in appellant's motion for a new trial filed February 16, 2007.
 {¶ 14} It is axiomatic that a summary judgment proceeding is not a trial but, rather, is a hearing upon a motion. LA. D., Inc. v. Bd. ofLake Cty. Commrs. (1981), 67 Ohio St.2d 384, 387, citing Morris v. FirstNatl. Bank Trust Co. (1968), 15 Ohio St.2d 184, 185. "Since a summary judgment proceeding is not a trial, a motion for a new trial does not properly lie." Id. "The legal conclusion in the instant cause is that the motion for a new trial which questions the granting of a summary judgment is a nullity and not proper." Id. Thus, the motion for a new trial, as it pertains to the trial court's finding appellant liable on the breach of contract claim, is a nullity. Moreover, it is well-settled that "issues not initially raised in the trial court may not be raised for the first time on appeal." Ohio Civ. Rights Comm. v. Triangle RealEstate Serv., Inc., Franklin App. No. 06AP-157, 2007-Ohio-1809, at ¶ 11, citing Porter Drywall, Inc. v. Olentangy Bldg. Dev. Co. (Feb. 24, 2000), Franklin App. No. 99AP-306; Stevens Skin Softener, Inc. v.Revco Drug Stores, *Page 9 Inc. (1997), 121 Ohio App.3d 212, 218; QualChoice, Inc. v. BrotherhoodIns. Co., Stark App. No. 06CA00020, 2007-Ohio-226, at ¶ 10.
 {¶ 15} Because appellant's argument that he cannot be held individually liable was never before the trial court and cannot be raised for the first time on appeal, we overrule appellant's first assignment of error.
 {¶ 16} In his second assignment of error, appellant contends because the trial court found there was a mistake of fact in the recitals of the modification contract, there was no meeting of the minds and the modification is, thus, null and void. According to appellant, neither party understood the situation regarding the liquor license, and, therefore, the modification, which placed the burden on appellant to obtain the liquor license, is a nullity, and he cannot be held liable for breach of contract for failing to obtain the liquor license.
 {¶ 17} According to appellees, appellant did not raise the affirmative defense of mutual mistake in the trial court and, therefore, it is waived. Appellant does not dispute mutual mistake is an affirmative defense but, rather, contends it was not necessary for him to specifically raise the issue in the trial court. According to appellant, he stated in his memorandum contra to appellees' motion for summary judgment that there were genuine issues of material fact with respect to the contract formation; therefore, the issue of mutual mistake was sufficiently preserved for appeal. We do not find appellant's position well-taken.
 {¶ 18} "Mutual mistake is not specifically mentioned in Civ. R. 8(C), but it has been held to be an affirmative defense that is waived if not raised in the pleadings." Fox Lambert Ent., Inc. v. Craftsmen HomeImprovement, Inc., Montgomery App. No. 21060, *Page 10 2006-Ohio-1427, at ¶ 60, citing Mayer v. Medancic, Geauga App. No. 2000-G-2311, 2001-Ohio-8784. Moreover, it is well-established that Ohio law prohibits a defendant from asserting an affirmative defense for the first time in a motion for summary judgment. Midstate Educators CreditUnion v. Werner, 175 Ohio App.3d 288, 2008-Ohio-641, at ¶ 12, citingOhio Hosp. Assn. v. Ohio Bur. of Workers' Comp., Franklin App. No. 06AP-471, 2007-Ohio-1499 (where the defendant asserted the affirmative defense of laches in its memorandum in opposition to a motion for permanent injunction, but failed to assert the defense in its answer, the court held the defense was not properly before the trial court and it was waived); Baraby v. Swords, 166 Ohio App.3d 527, 2006-Ohio-1993
(an affirmative defense not raised in a responsive pleading, but instead raised for the first time in a motion for summary judgment, was waived and the trial court erred in considering and granting judgment on that basis); Simon v. Encompass Ins. Co., Cuyahoga App. No. 86143,2005-Ohio-5727, discretionary appeal not allowed by 108 Ohio St.3d 1489,2006-Ohio-962 (policy exclusions and affirmative defenses not raised in its answer but, instead, raised for the first time in a motion for summary judgment were waived, and, therefore, summary judgment for the defendant should have been denied and summary judgment for plaintiff should have been granted).
 {¶ 19} As we have already stated, it is undisputed appellant did not assert any affirmative defenses in his original answer, and appellant did not move to amend his pleadings. Moreover, upon reviewing appellant's memorandum contra to appellees' motion for summary judgment, we cannot say appellant even raised this affirmative defense in his memorandum contra. At best, in the introduction of his memorandum contra, appellant asserts "genuine issues of material fact in connection with the intent of *Page 11 
the parties in this dispute exist." (Memo Contra at 1.) However, even if we were to construe this language as the assertion of the affirmative defense of mutual mistake, it would be of no consequence because such cannot be raised for the first time during summary judgment proceedings. Accordingly, appellant's second assignment of error is overruled.
 {¶ 20} In his third assignment of error, appellant contends the trial court erred in finding there was a breach of contract because the facts support only a breach of the recitals, not a term of the contract. The trial court found a breach of the December 3, 2003 contract regarding the liquor permit, specifically, the provision that the license revocation would be lifted on or about December 5, 2003. This provision, according to appellant, is merely a recital of consideration and not a term of the modification agreement.
 {¶ 21} Again, however, appellant makes arguments that were never raised in the trial court. In their motion for summary judgment and at trial, appellees refer specifically to the portion of the agreement with which appellant now takes issue, but at no time in either his memorandum contra or at trial did appellant argue the facts supported only a breach of recitals and not a breach of contract. As we have previously stated, issues not raised initially in the trial court cannot be raised for the first time on appeal. Ohio Civ. Rights Comm., supra. Accordingly, we overrule appellant's third assignment of error.
 {¶ 22} In their first cross-assignment of error, appellees contend the trial court erred in denying their motion for summary judgment regarding appellant's claim for payment of the cognovit promissory note. Under this assigned error, appellees argue the trial court's denial of summary judgment as to this issue was incorrect because the *Page 12 
decision was based on evidence not properly before the court. Specifically, appellees state the promissory note attached to appellant's memorandum contra was not properly authenticated as required by Civ. R. 56, and the trial court erred in relying on it.
 {¶ 23} It is well-settled, however, that "[a]ny error by a trial court in denying a motion for summary judgment is rendered moot or harmless if a subsequent trial on the same issues raised in the motion demonstrates that there were genuine issues of material fact supporting a judgment in favor of the party against whom the motion was made." Continental Ins.Co. v. Whittington (1994), 71 Ohio St.3d 150, syllabus. InContinental, the evidence adduced at trial revealed the existence of genuine issues of material fact concerning issues raised by Continental in its motion for summary judgment. Though the record reflected this was not the circumstance at the time the court denied Continental's motion for summary judgment because the facts adduced at trial demonstrated Continental's liability, the Supreme Court of Ohio found the error in the trial court's denial of summary judgment was either moot or harmless.
 {¶ 24} Here, the trial court found genuine issues of material fact remained regarding appellant's claim on the $50,000 promissory note for which appellees sought summary judgment. This matter proceeded to trial, and the trial court found in favor of appellant on this issue. Thus, pursuant to the Supreme Court's holding in Continental, even assuming the trial court erred in denying appellees' motion for summary judgment because the subsequent trial resulted in a finding in appellant's favor, any error by the trial court in denying appellees' motion for summary judgment is rendered moot or harmless.
 {¶ 25} Also under this assigned error, appellees argue the trial court's denial of summary judgment was incorrect because appellees were excused from performance *Page 13 
due to appellant's alleged material breach of contract. According to appellees, at the summary judgment stage, the evidence established the liquor license that appellant represented he owned and would transfer was not actually owned by appellant. Because appellant allegedly materially breached the agreement, appellees contend they were excused from further performance and should have been granted summary judgment on appellant's cognovit claim.
 {¶ 26} In deciding appellees' summary judgment motion, the trial court disregarded appellees' argument and found appellees had not established a contingency occurred so as to relieve them of their obligations under the cognovit promissory note. Specifically, the trial court held appellees' obligation to pay under the note was contingent upon appellees actually receiving a liquor permit, which they did, and was not contingent upon any time deadline. Upon review of the record, we find no error in the trial court's decision.
 {¶ 27} We cannot agree with appellees' contention that, because appellant may have breached other portions of the June 2003 agreement, appellees are absolved of all obligations under the agreement as it is clear the June 2003 agreement provides that only if appellees are "unable to obtain a liquor license" are they relieved from paying the $50,000 under the cognovit promissory note. Appellees did obtain the liquor license in July 2004. Appellees were entitled to any damages resulting from appellant's alleged breaches, and indeed were awarded damages for the same. However, we find no provision or occurrence here that would relieve appellees of their obligations under the cognovit promissory note. Upon review, we do not find the trial court erred in denying appellees' motion for summary judgment with respect to appellant's cognovit claims. *Page 14 
 {¶ 28} For the foregoing reasons, we overrule appellees' first cross-assignment of error.
 {¶ 29} In their second cross-assignment of error, appellees contend that if the trial court did not err in denying summary judgment, then the trial court erred in finding in favor of appellant on his cognovit claim after trial. This argument is essentially the same as that made in the first cross-assignment of error in that appellees suggest because appellant breached the contract provision warranting that he had marketable title to the franchise assets, appellees are relieved of their obligation to pay under the cognovit promissory note. As indicated, appellees would only be relieved of their obligation under this valid cognovit note if they did not obtain the liquor license, which undisputedly they did. While appellees would be entitled to damages for appellant's breach, as we have already stated, appellees were awarded damages for the same. For these reasons and those already discussed, we overrule appellees' second cross-assignment of error.
 {¶ 30} For the foregoing reasons, appellant's three assignments of error are overruled, appellees' two cross-assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
 SADLER and KLINE, JJ., concur.
KLINE, J., of the Fourth Appellate District, sitting by assignment in the Tenth Appellate District. *Page 1