[Cite as *Younker v. Hayes*, 2019-Ohio-213.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

DONALD YOUNKER

    Appellant

    v.

PATTY HAYES

    Appellee

C.A. No.     29010

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV-2016-02-0990

DECISION AND JOURNAL ENTRY

Dated: January 23, 2019

CARR, Judge.

{¶1}    Plaintiff-Appellant Donald Younker appeals from the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2}    This history of this case was recited in the prior appeal:

[Defendant-]Appellee, Patty Hayes, owned four Personal Seat Licenses ("PSLs") at the Cleveland Browns Stadium. Ms. Hayes's PSLs reserved four seats on the 50-yard line, at the railing, on the north side of the stadium in section 133. As the owner of the PSLs, Ms. Hayes was obligated each year to purchase season tickets for the seats which she could then use or sell. Failure to purchase season tickets would result in the PSLs reverting back to the Cleveland Browns and the seats being available to the general public or to those on a waiting list.

Mr. Younker's co-worker told him about Ms. Hayes's PSLs and available season tickets. Ms. Hayes and Mr. Younker never met in person and only communicated through email.

In 2014 and 2015, Mr. Younker purchased the season tickets at face value from Ms. Hayes.

At the end of the 2015 season, Mr. Younker asked Ms. Hayes if she would sell the PSLs to him. Ms. Hayes indicated that she "paid $8[,]000 for the four licenses

[and] would like to get $4[,]000 back." Mr. Younker agreed to the $4,000 price and sent Ms. Hayes a check for the full amount.

During the next two weeks, Ms. Hayes confirmed receipt of Mr. Younker's payment and contacted the Cleveland Browns' front office to execute the necessary paperwork to transfer ownership of the PSLs. The Cleveland Browns' front office indicated to Ms. Hayes that the PSLs were worth more than her asking price and that there was a 40-year waiting list for these specific seats. Based on this information, Ms. Hayes "believe[d she could] get more than $1[,]000 per seat" and advised Mr. Younker that she "[could not] commit to selling [him her] PSL[ ]s for $4[,]000." A week later, Mr. Younker filed a complaint for breach of contract and sought specific performance and money damages.

A few weeks later, Ms. Hayes returned Mr. Younker's $4,000 check to him.

Despite being properly served with the complaint and summons, Ms. Hayes did not file an answer. Mr. Younker filed a motion for default judgment which was granted as to the issue of liability and a hearing was scheduled as to the damages.

A magistrate presided over the damages hearing. Neither Ms. Hayes nor an attorney appeared on her behalf. The only witness at the damages hearing was Mr. Younker. During the hearing, Mr. Younker testified regarding the above facts and his damages. Mr. Younker requested relief in the form of specific performance and money damages.

Mr. Younker testified that Ms. Hayes's PSLs were for four specific seats, 6, 7, 8, and 9, in the front row on the 50-yard line, and thus were not seats that could be obtained elsewhere or duplicated. Because of their location in relation to the playing field, the seats offered an unobstructed view of the game and protection from the lake winds. Mr. Younker described the seats as being "primo seats."

Mr. Younker also testified to the value of the PSLs based on his research. He testified that a website that sells Cleveland Browns PSLs indicated that seats in the vicinity of Ms. Hayes's PSLs were worth approximately $10,000 to $11,500 each.

The magistrate denied Mr. Younker specific performance and awarded him zero money damages. Mr. Younker timely filed objections and the transcript of the damages hearing.

*Younker v. Hayes*, 9th Dist. Summit No. 28251, 2018-Ohio-835, ¶ 2-10.

{¶3} In his objections, Mr. Younker asserted that (1) the magistrate erred in disregarding the default judgment which held Ms. Hayes liable on Mr. Younker's breach of

contract claim; (2) the magistrate erred in recommending that Ms. Hayes not be held liable based upon mutual mistake of fact; (3) the magistrate erred in recommending that Mr. Younker not be awarded specific performance; and (4) the magistrate erred in recommending judgment for Ms. Hayes on the basis that Mr. Younker sustained no damages. The trial court overruled Mr. Younker's objections and adopted the magistrate's decision. *See id.*

{¶4} Mr. Younker appealed and this Court reversed the judgment of the trial court. *Id.* at ¶ 1. We concluded that the trial court erroneously applied mistake of fact to the case, *id.* at ¶ 20, calculated the fair market value of the PSLs at the wrong point in time, and incorrectly concluded the contract price and fair market value were the same "when it applied mutual mistake and ignored the admissions inherent in the default judgment regarding the value of the PSLs." *Id.* at ¶ 24. In so doing, we remanded the matter to the trial court for it to "apply the correct measure of damages and to determine the issue of money damages." *Id.* at ¶ 25. Additionally, we determined that Mr. Younker failed to meet his burden to demonstrate the trial court erred in failing to award specific performance, *id.* at ¶ 27, and that he failed to object to the magistrate's decision concerning the evidence related to the fair market value determination thereby forfeiting all but plain error, which he did not argue. *Id.* at ¶ 29.

{¶5} Upon remand, on March 28, 2018, the trial court reviewed the evidence presented at the damages hearing and issued a new judgment entry. Therein, the trial court determined that Mr. Younker's testimony "regarding the market price of the PSLs, from anonymous 'people' on the internet trying to sell their PSLs, [was] hearsay which d[id] not qualify as competent credible evidence of the PSLs' value on the date [Ms. Hayes] reneged the deal[.]" Thus, the trial court found that Mr. Younker failed to present evidence of the market price of the PSLs at the time the contract was broken and awarded him zero dollars in damages.

**{¶6}** Mr. Younker has appealed, raising two assignments of error for our review. Ms. Hayes did not file a brief. As such, this Court "may accept [Mr. Younker's] statement of the facts and issues as correct and reverse the judgment if [Mr. Younker's] brief reasonably appears to sustain such action." *See* App.R. 18(C).

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT COMMITTED PREJUDICIAL ERROR AS A MATTER OF LAW IN ADOPTING THE MAGISTRATE'S DECISION REFUSING TO ORDER SPECIFIC PERFORMANCE AS A REMEDY FOR DEFENDANT-APPELLEE'S BREACH OF THE SALES CONTRACT[.]

**ASSIGNMENT OF ERROR II**

THE TRIAL COURT COMMITTED PREJUDICIAL ERROR AS A MATTER OF LAW IN ADOPTING THE MAGISTRATE'S DECISION REFUSING TO AWARD DAMAGES AGAINST DEFENDANT-APPELLEE FOR BREACH OF CONTRACT[.]

**{¶7}** Mr. Younker argues in his first assignment of error that the trial court erred in adopting the magistrate's decision refusing to order specific performance. Mr. Younker argues in his second assignment of error that the trial court erred in adopting the magistrate's decision refusing to award damages against Ms. Hayes as the testimony at issue was not inadmissible hearsay.

**{¶8}** Mr. Younker's captioned assignments of error and issue statements do not challenge the merits of the judgment currently on appeal. Instead, Mr. Younker asserts the trial court erred in adopting the magistrate's decision and spends a great deal of time in the argument portion of his brief discussing the magistrate's decision and the trial court's adoption of it. However, the only judgment before us on appeal is the trial court's March 28, 2018 judgment entry.

{¶9} Mr. Younker has not demonstrated how the trial court erred in issuing its March 28, 2018 judgment. *See Pascual v. Pascual*, 9th Dist. Medina No. 12CA0036-M, 2012-Ohio-5819, ¶ 6 ("[I]t is well settled that [a]ppellants have the burden of affirmatively demonstrating error on appeal.") (Internal quotations and citation omitted.)

{¶10} Mr. Younker's assignments of error are overruled.

### III.

{¶11} Mr. Younker's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

TEODOSIO, P. J.
CALLAHAN, J.
CONCUR.


<u>APPEARANCES:</u>

DAVID P. BERTSCH, Attorney at Law, for Appellant.

PATTY HAYES, pro se, Appellee.